Filed 6/4/25  P. v. Ryan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C101195 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF180001483) |
| v. | |
| NORMAN RAY RYAN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Norman Ray Ryan has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to Ryan, we will affirm the judgment.

BACKGROUND

The information charged Ryan with two counts of embezzlement of property worth more than $950, with one count against victims J.S. and R.S. and the second count against victims C.C. and D.C.  (Pen. Code, § 503.)[1]  The information also alleged four

---

[1]  Undesignated statutory references are to the Penal Code.

1

aggravating circumstances: the victims were particularly vulnerable; Ryan acted with planning, sophistication, and professionalism; the property taken was of great monetary value; and Ryan took advantage of a position of trust. (Cal. Rules of Court, rule 4.421(a)(3), (8), (9), (11).)

Prior to trial, Ryan brought a motion to dismiss based on the delay between when the crimes occurred in 2014 and 2015, when the charges were filed in 2018, and when he learned of the criminal complaint in 2021. The People opposed the motion, noting, among other things, that the victims only reported the crimes in 2016. The trial court denied the motion.

At trial, J.S. testified that she first started purchasing gold and silver from a store owned by Ryan in 2012. Before July 2015, J.S. and her husband, R.S., ordered from Ryan's store twice, and each time received the promised product.

On July 16, 2015, J.S. ordered $7,040 worth of silver from Ryan and sent him a check for that amount. This time, however, she did not receive her complete order; she only received silver worth less than $300. J.S. made calls and wrote letters and emails to Ryan and his store, but she was unsuccessful in obtaining either the silver ordered or a refund of the money paid.

J.S. was given notice of Ryan's bankruptcy in April 2016. She received approximately $1,200 through the bankruptcy proceedings.

D.C. started buying gold and silver from Ryan in 2012 or 2013. In March 2014, D.C. and his wife, C.C., bought a store from Ryan in Palo Cedro. The parties agreed that D.C. would order and purchase all of the store's products, including gold and silver, through Ryan and that Ryan would deliver them.

D.C. received orders and payments for gold and silver from customers. He then passed the orders on to Ryan. Between September 2015 and January 2016, D.C. sent several checks to Ryan for orders of silver. Some of those orders were partly filled, while others were not filled at all. When D.C. did not receive the products, he called Ryan.

2

Ryan's response, when he gave one, was that the products were slow to arrive from the mint. In all, Ryan failed to supply products for more than $20,000 worth of orders.

Ryan told D.C. that he had filed for bankruptcy but assured D.C. that D.C. would receive all of his orders. Following that revelation, D.C. stopped paying rent on the store. He also emptied and closed the store. D.C. fulfilled all the orders from his customers by using his own existing inventory and obtaining a loan for the rest.

At the close of evidence, Ryan moved for dismissal pursuant to section 1118.1. The trial court denied the motion, finding there was sufficient evidence to establish the elements of the offenses.

On its own motion, the trial court raised the question whether some of the aggravating circumstances allegations should be dismissed: that Ryan had a position of trust as to J.S. and R.S.; that both sets of victims were vulnerable; and that Ryan's conduct demonstrated planning, sophistication, or professionalism. After counsel submitted, the court dismissed those allegations.

Defense counsel moved for a mistrial, arguing that the trial court's detailed analysis of the dismissal issues demonstrated that the court had lost its impartiality. The court denied the motion.

The jury found Ryan guilty on both counts. As to the first count, the jury found true the allegation that the embezzlement involved great monetary value. As to the second count, the jury found true the allegations that the embezzlement involved great monetary value and that Ryan abused a position of trust.

The trial court suspended imposition of the sentence and granted Ryan formal probation for two years, conditioned on serving 180 days in county jail. The court imposed restitution in favor of J.S. and R.S. in the stipulated amount of $4,767.83 and reserved jurisdiction as to the amount to be paid to C.C. and D.C. The court assessed Ryan a fine of $710. The court imposed a $1,200 restitution fine (§ 1202.4, subd. (b)), an

3

equal probation revocation fine (§ 1202.44), $80 in court operations assessment fees (§ 1465.8, subd. (a)(1)), and $60 in conviction assessments (Gov. Code, § 70373).

Ryan filed a timely notice of appeal.

DISCUSSION

Ryan's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Ryan was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. We have not received any communication from him. We have undertaken an examination of the record and conclude there is no arguable error that would result in a disposition more favorable to him.

DISPOSITION

The judgment is affirmed.

/s/
FEINBERG, J.

We concur:

/s/
EARL, P. J.

/s/
RENNER, J.

4